IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOHN BARRETT BICKNELL,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-358-MHT-CWB ) |
| **ELMORE COUNTY SHERIFF DEPARTMENT, et al.,** | ) ) ) |
| Defendants. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     Introduction**

John Barrett Bicknell ("Bicknell"), an indigent inmate who lists his address as the Muscogee County Detention Jail, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Bicknell alleges that officers with the Elmore County Sheriff's Department violated his constitutional rights on October 16, 2013 when they used excessive force during his arrest. (Doc. 1 at pp. 2-3). Bicknell also challenges the constitutionality of judicial decisions by Judge Glenn Goggans that denied discovery of documents concerning his arrest. (*Id*.). Because Bicknell has been granted *in forma pauperis* status (Doc. 3), the Complaint must undergo threshold screening. *See* 28 U.S.C. § 1915A.[1] Having conducted such review, the undersigned Magistrate Judge concludes that the Complaint is due to be summarily dismissed.

---

[1] Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

I.   Discussion

    A.   **Bicknell's claims are substantially identical to previously-filed claims that remain pending.**

An action is deemed malicious if it asserts claims that are "substantially identical" to those asserted in a previous action. *See, e.g., Pierson v. Shelton*, No. 1:17-CV-708-MHT, 2007 WL 2710407, at *1 (M.D. Ala. Sep. 13, 2007) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1985) and *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988)); *see also Mathis v. Hughes*, No. 1:08-CV-606-WHA, 2008 WL 3891514, at *1 (M.D. Ala. Aug. 20, 2008); *Hicks v. Copeland*, No. 2:07-CV-667-WHA, 2007 WL 2332721, at *1 (M.D. Ala. Aug. 13, 2007). It is clear that this action alleges "substantially identical" claims to those previously asserted by Bicknell in *Bicknell v. Elmore County Sheriff's Office,* 2:23-cv-185-RAH-CSC, and Bicknell even acknowledges as much on the face of the Complaint. (*See* Doc. 1 at pp. 1-2, ¶ I.C.). Accordingly, this action is due to be dismissed as malicious under § 1915A(1).

    B.   **Bicknell's claims are time barred.**

Bicknell alleges that the Elmore County Sheriff's Department used unlawful force during his arrest in October 2013. (Doc. 1 at pp. 2-3). Bicknell also challenges subsequent judicial decisions by Judge Goggans denying him documents concerning the arrest and the alleged use of excessive force. (*Id*.). Such decisions could have occurred no later than January 30, 2014, which was the date Bicknell's state court cases were dismissed.[2]

---

[2] Bicknell was arrested and charged in Elmore County, Alabama cases TR-2013-5699.00 and TR-2013-5700.00. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the State's] Online Judicial System."). Both cases were dismissed on January 30, 2014 pursuant to a plea agreement. *See* Consolidated Case Action Summary, Alabama Trial Court System, hosted at www.alacourt.com.

Bicknell's claims arise under 42 U.S.C. § 1983 and are subject to a two-year limitations period:

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Because all of the alleged conduct at issue occurred between October 16, 2013 and January 30, 2014, the two-year limitations period would have expired <u>at the latest</u> on February 1, 2016[3]—rendering this action time-barred.

The court acknowledges that the statute of limitations is usually a matter raised by affirmative defense. Nonetheless, when a plaintiff proceeds *in forma pauperis* in a civil action, the court may consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Clark*, 915 F.2d at 640 *see also Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007). Stated differently, "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Clark*, 915 F.2d at 640, n.2 (citing *See Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330, 1332 (D. Or. 1983)). Dismissal equally would be warranted for failure

---

[3] Expiration of a two-year limitations period running from January 30, 2014 would have fallen on a weekend. The period of limitation thus would have expired on Monday, February 1, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

3

to state a claim. *See Okpala*, 248 F. App'x at 72 ("Where, as here, an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, [§ 1915A] continues to require a district court to dismiss the complaint.") (citing *Jones v. Bock,* 549 U.S. 199 (2007)); *see also Moon v. Russell County Jail*, No. 3:20-cv-727-WKW-JTA, 2020 WL 5997120, *1 (M.D. Ala. Sept. 17, 2020) ("When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.") (citing *Jones*, 549 U.S. at 215).

### III.  Conclusion

For the reasons set forth above, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed with prejudice prior to service of process. Because any amendment would be futile under the circumstances, the court is not obligated to allow Bicknell an opportunity to replead. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining that repleading is not required if amendment would be futile, *i.e.*, "where 'a more carefully drafted complaint [would not] state a claim'") (quoting *Woldeab v. Dekalb County Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

It is **ORDERED** that any objections to this Recommendation must be filed no later than July 7, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is

based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    **DONE** this the 23rd day of June 2023.

                                      **CHAD W. BRYAN**
                                      **UNITED STATES MAGISTRATE JUDGE**